UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARINA T. MORGADO,        * | |
|                       * | |

MARINA T. MORGADO,                    *
                                      *
          Plaintiff,                  *
                                      *
     v.                               *
                                      *    Civil Action No. 24-cv-12792-ADB
F. STEVEN TRIFFLETTI, ESQ.,           *
FRANKLIN ASHLEY TRIFFLETTI,           *
ESQ., ALLAN J. COSTA, ESQ., AND       *
TRIFFLETTI & COSTA, P.C.              *
                                      *
          Defendants.                 *

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

      Plaintiff Marina Morgado brings this action against F. Steven Trifffletti, Franklin Ashley Trifffletti, Allan J. Costa, and Trifffletti & Costa, P.C. ("Defendants") for unlawful employment discrimination and other employment-related claims. [ECF No. 4 at 4–36]. Before the Court is Defendants' partial motion to dismiss. [ECF No. 13]. For the reasons set forth below, the Court concludes that it lacks subject-matter jurisdiction and **<u>REMANDS</u>** the case to state court.

**I.      BACKGROUND**

      Plaintiff brings this action for a myriad of claims related to harassment and discrimination by all Defendants. <u>See generally</u> [ECF No. 4 at 4–36]. But as discussed <u>infra</u>, because only her 42 U.S.C. § 1983 claim is relevant to the Court's decision here, the Court's recitation of Plaintiff's allegations will be limited to the facts relevant to that claim.

### A.    Relevant Facts

The Court looks to the face of Plaintiff's state court complaint for the following facts. [ECF No. 4 at 4–36].  Although "[t]he party invoking the jurisdiction of a federal court carries the burden of proving its existence, . . . [t]o determine if the burden has been met, a court 'take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor.'"  Murphy v. Mass. Exec. Off. of Trial Ct., 335 F. Supp. 3d 137, 143 (D. Mass. 2018) (third, fourth, and fifth alterations in original) (first quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995), and then quoting Fothergill v. United States, 566 F.3d 248, 251 (1st Cir.2009)).

Plaintiff alleges that she was a paralegal at Defendant Triffletti & Costa, P.C. ("Triffletti & Costa") at all relevant times.  See [ECF No. 4 at 5, 8 ¶ 26].  Plaintiff asserts that one of the Defendants, Triffletti & Costa partner F. Steven Triffletti ("Triffletti"[1]), was the Town Moderator for the Town of Plymouth.  [Id. at 13 ¶ 66].  Defendant Triffletti represented a Plymouth Planning Board member during a scandal, [id. at 13 ¶¶ 68–70], and Plaintiff assisted him in this representation in her role as a paralegal, [id. at 13–14 ¶¶ 71–80].  Plaintiff observed ethical violations and racially charged statements by Triffletti during this time.  [Id.]

### B.    Procedural History

Plaintiff filed a complaint against Defendants in Plymouth Superior Court on October 9, 2024.  [ECF No. 4 at 36].  Defendants removed on November 11, 2024.  [ECF No. 1].  The

---

[1] The Court notes that there is another Defendant with the last name Triffletti, Franklin Ashley Triffletti.  Given, however, that his not relevant to this order, the Court will refer to F. Steven Triffletti as "Triffletti."

claimed basis for removal was Plaintiff's twelfth claim, brought under 42 U.S.C. § 1983. [Id. at 2 ¶¶ 9–10].

## II.    DISCUSSION

### A.    Standard of Review

"Federal courts are courts of limited jurisdiction and as such can only act where they have subject matter jurisdiction." Dic v. Pierre-Louis, No. 19-cv-30071, 2019 WL 12070289, at *1 (D. Mass. July 31, 2019) (citation omitted). Moreover, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.'" Industria Lechera De P.R., Inc. v. Beiro, 989 F.3d 116, 120 (1st Cir. 2021) (quoting Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal subject matter jurisdiction generally must be based on either a federal question or diversity of the parties. Federal question jurisdiction exists 'when the action is one arising under the Constitution, laws, or treaties of the United States.'" Dic, 2019 WL 12070289, at *1 (quoting López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (internal quotation omitted)). "All the parties before us are citizens of [Massachusetts], which precludes the existence of diversity jurisdiction, and [Defendant] did not claim diversity jurisdiction supported removal. Therefore, if federal jurisdiction exists, it must be supported by an issue that arises under federal law." Industria Lechera De P.R., 989 F.3d at 120; see [ECF No. 4 at 5–6 ¶¶ 1–5]. "[A] federal judge may act sua sponte to dismiss [federal question] claims . . . for lack of subject matter jurisdiction, and this authority extends to claims so patently insubstantial that they are essentially fictitious and absolutely devoid of merit, such that no federal question suitable for

3

decision can be discerned." Cruz v. House of Representatives of U.S.A., 301 F. Supp. 3d 75, 76 (D.D.C. 2018) (citations and quotations omitted), aff'd, No. 18-cv-05101, 2019 WL 667154, at *1 (D.C. Cir. Jan. 31, 2019).

### B.    Analysis

Plaintiff brings only one claim arising under federal law, specifically under 42 U.S.C. § 1983. "'A claim under Section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of state law' and 'second, the conduct must have worked a denial of rights secured by the Constitution or by federal law.'" Freeman v. Town of Hudson, 849 F. Supp. 2d 138, 148 (D. Mass. 2012) (quoting Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir.1997)), aff'd, 714 F.3d 29 (1st Cir. 2013).

Plaintiff alleges that "Defendant[] F. Steven Triffletti[] was a duly elected town moderator for the town of Plymouth" and "[w]hile acting in his capacity as Town Moderator, [he] acted under the color of state law." [ECF No. 4 at 35 ¶¶ 273–74]. This is little more than a tautology, and, more importantly, the complaint contains no information suggesting that Triffletti was acting in his capacity as Town Moderator at any point relevant to Plaintiff's claims. The only mention in the Complaint of any business relating to the town of Plymouth refers to Triffletti's representation of "JANE DOE" after her ouster from the Plymouth Planning Board. [Id. at 13–14 ¶¶ 69–80]. The Complaint does not allege that (1) the Plymouth Town Moderator has any role on the Plymouth Planning Board, (2) representing individual Planning Board members is a function of the Town Moderator and Triffletti represented Jane Doe in his capacity as Town Moderator, or (3) that Plaintiff did any work, paid or volunteer, for Plymouth or the Town Moderator's office. Thus, the only logical reading of Plaintiff's state-court complaint is that Triffletti represented Jane Doe in his capacity as a private attorney and partner of Triffletti &

4

Costa, and Plaintiff assisted him in her role as a paralegal for Triffletti & Costa.  Courts regularly remand for lack of subject matter jurisdiction where there is no allegation that any challenged conduct is attributable to a person acting under color of state law.  See, e.g., Jenkins v. Rockwell Int'l Corp., 595 F. Supp. 399, 402 (D. Nev. 1984) ("The complaint fails to allege any act under color of state law, consequently this Court is without jurisdiction to hear plaintiff's 1983 claim."); Tucker v. Simon, No. 21-cv-15357, 2022 WL 6737722, at *2 n.1 (D.N.J. Oct. 11, 2022) ("Federal question jurisdiction does not furnish a basis for subject matter jurisdiction in this matter because none of the Defendants are alleged to have been acting under color of state law as required to state a claim under 42 U.S.C. § 1983."); Waters v. Naylor, No. 24-cv-03049, 2024 WL 1533914, at *2 (D. Kan. Apr. 9, 2024) ("Because Plaintiff's complaint fails to sufficiently allege Defendant was acting under color of state law, this Court lacks jurisdiction over the Defendant under § 1983.").  With no other basis for subject-matter jurisdiction, this Court does the same.

## III.     CONCLUSION

Because the Court lacks subject-matter jurisdiction over this case,  it **REMANDED** to Massachusetts state court.

**SO ORDERED.**

July 31, 2025                                        /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE